[No. 25694. Department One. July 5, 1935.]

THE STATE OF WASHINGTON, *on the Relation of J. Homer L. Hillman, as Administrator, et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, KAZIS KAY, JUDGE, *Respondent.*[1]

*Adam Beeler* and *Clarence L. Gere,* for relators.

*Charles M. Chambers* and *Geo. F. Hannan,* for respondent.

BEALS, J.—This is an original application to this court for a writ of prohibition. Relators seek to prohibit Honorable Kazis Kay, as judge of the superior court for King county, from certifying a bill of exceptions in cause No. 230682, of the files of that court, entitled "George W. Hewitt, and others, Plaintiffs, v. Hillman Investment Company, a corporation, and others, Defendants." This court having entered an

[1]Reported in 47 P. (2d) 8.

order directed to respondent, directing that cause be shown why relators' application for a writ of prohibition should not be granted, respondent made due return thereto, and, the statement of facts and briefs having been filed, the matter is now before us for determination upon the application for the writ.

The facts pertinent to this inquiry may be briefly stated as follows: During the year 1930, George Hewitt and others, as plaintiffs, instituted in the superior court for King county two actions against Hillman Investment Company, a corporation, and others, as defendants; one being cause No. 230682, above referred to, and the other bearing file No. 230683. The cases were consolidated for trial before the Honorable Mitchell Gilliam, and in an appropriate stage of the proceedings the defendants challenged the legal sufficiency of the evidence and asked for judgment in their favor, as matter of law, in each of the cases. The following entry appears in the minute book of the department of the superior court presided over by Judge Gilliam, under date Friday, September 4, 1931:

"Defendants' challenge to the sufficiency of evidence sustained as to cause No. 230682, and overruled as to cause No. 230683."

Judge Gilliam died September 7, 1931, without having done anything further in connection with the actions. Respondent, Honorable Kazis Kay, was appointed to the superior bench to fill the vacancy caused by Judge Gilliam's death, and at the following general election was elected for a full four year term.

No further steps were taken in either action for many months. It appears from the statement of facts that, November 21, 1934, the consolidated cases were, by the presiding judge of the superior court for King county, assigned for further proceedings to the department of the court presided over by Honorable

Calvin S. Hall. Upon the minute book of this department of the court, under date November 23, 1934, appears the following:

"230682-3. Pursuant to continuance from Nov. 22, 1934, these causes came on this day for further hearing. After argument by respective counsel, the Court holds that the effect of minute entry of September 4, 1931, Dept. 4, Judge Gilliam presiding, can only be attacked in proceedings instituted for that purpose. Further hearing on these causes is continued to January 23, 1935."

The attorneys for the plaintiffs in the consolidated actions, who here represent respondent, having filed a proposed bill of exceptions in cause No. 230682, served upon the attorneys for the defendants the following notice:

"To the above named Defendants, and to Messrs. Adam Beeler and Clarence L. Gere, their attorneys:

"You and each of you will please take notice that the plaintiffs' proposed bill of exceptions, heretofore served and filed, will be presented to the Honorable Kazis Kay, Judge of the above entitled court, successor to the Honorable Mitchell Gilliam, deceased, on Friday, January 4, 1935, at 9:30 o'clock in the forenoon, for signature, certification and filing.

George F. Hannan
Charles M. Chambers
*Attorneys for plaintiffs.*"

The matter having been taken up before respondent pursuant to this notice, respondent intimated that he would certify the proposed bill of exceptions, whereupon relators applied to this court for a writ of prohibition restraining him from taking such action.

Respondent relies upon Rem. Rev. Stat., § 392 [P. C. § 7820], the pertinent portion of which reads as follows:

"If the judge before whom the cause was pending or tried shall from any cause have ceased to be such

judge or shall die, . . . within the time within which a bill of exceptions or statement of facts, in a cause that was pending or tried before him, might be settled and certified under the provisions of this act, and before having certified such bill or statement, such bill or statement may be settled by stipulation of the parties with the same effect as if duly settled and certified by such judge while still in office. But if the parties cannot agree, the successor in office of the judge before whom the cause was pending or tried, or in case there be no successor, any judge of, or assigned to, the county where the cause was pending or tried, if such death, absence or disability shall appear to his satisfaction, shall settle and certify such bill or statement in the manner in this act provided, and in so doing he shall be guided, so far as practicable, by the minutes taken by the judge before whom the cause was pending or tried, or by the stenographer, if one was in attendance on the court or judge, and may, in order to determine any disputed matter not sufficiently appearing upon such minutes, examine under oath the attorneys in the cause who were present at the trial or hearing, or any of them.''

It is contended on behalf of respondent that he, having been appointed judge of the superior court to fill the vacancy caused by the death of Judge Gilliam, and having subsequently been elected judge of that court, is the successor of Judge Gilliam within the meaning of the section above quoted, and that he is entitled, notwithstanding the assignment of the consolidated causes by the presiding judge to Judge Hall's department, to settle the bill of exceptions.

The argument, written and oral, has taken a wide range, but, in our opinion, the matter must be determined upon one point. It clearly appears from the statement of facts that the consolidated cases were regularly assigned by the presiding judge to Judge Hall's department of the court. Whether for any purposes it can be said that respondent is now the suc-

cessor of Judge Gilliam is very doubtful, but in any event, and in the interest of orderly procedure, the consolidated causes above referred to having been regularly, by the presiding judge, assigned for further proceedings to a department of the superior court for King county, that department, until some reassignment of the causes be regularly made, must be held to have exclusive jurisdiction over such a matter as the settlement of a proposed bill of exceptions. Manifestly, the judge presiding over one department of a superior court made up of several departments has, in certifying a statement of facts or bill of exceptions in a case heard by a judge no longer on the bench, no special advantage over any other judge of the court, which would enable him to function in such a matter more accurately or with greater facility.

If a party to an action which has been by the presiding judge regularly assigned to a department of the superior court for trial or the determination of matters of procedure, is of the opinion that some question in connection with the action should be presented to the judge presiding over a department other than that to which the cause has been assigned, application should be made for reassignment of the action, and until such reassignment be ordered, in the absence of an emergency, questions concerning the action should be presented to the judge before whom the action is pending pursuant to assignment by the presiding judge or to the presiding judge himself.

The reference in the statute to the ''successor'' in office of a deceased judge manifestly refers to the superior court of a county having only one judge. In a county such as King, now having fifteen judges of the superior court, while the respective departments are numbered, the judges frequently change from one department to another, and certainly, after a general

election, for such a purpose as is presented by the facts of this case, no judge can be said to be the successor of a judge who died or resigned during some preceding term.

The presiding judge evidently assumed that the causes were regularly before him for assignment and acted accordingly. Respondent, under these circumstances, should not have undertaken to certify a bill of exceptions while the cases were before another department of the court, pending upon a continuance to a day certain.

The writ will accordingly issue as prayed for by relators.

MAIN, STEINERT, GERAGHTY, and HOLCOMB, JJ., concur.